IN THE UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUBERT DAVIS, JR., individually and on
behalf of a class of others similarly situated,

    Plaintiff,

vs.

AIS RECOVERY SOLUTIONS, LLC d/b/a
AMERICAN INFOSOURCE LP,

    Defendant.

CASE NO.: 14-00325

## MOTION FOR TRANSFER OF VENUE

COMES NOW the defendant designated as AIS Recovery Solutions, LLC d/b/a American InfoSource LP., and submits this Motion for Transfer of Venue and in support thereof states as follows:

**I.   INTRODUCTION**

Plaintiff Rubert Davis, Jr. ("Plaintiff") commenced this nationwide putative class action against an entity that he refers to as "AIS Recovery Solutions, LLC d/b/a American InfoSource LP." American InfoSource LP ("AIS") is not a d/b/a of AIS Recovery Solutions, LLC ("AIS Recovery"). The two companies are entirely separate entities. AIS Recovery is a Texas Limited Liability Company that has nothing to do with AIS' bankruptcy proof of claim filing operation described herein. As such, AIS Recovery has no connection to this action or to the events and circumstances alleged in Plaintiff's Complaint. AIS will assume for purposes of this motion for transfer of venue and its separately filed answer that Plaintiff intended to name AIS as the defendant in this action. Ex. A., Declaration of Matt Sutherland ("Sutherland Dec.") ¶ 4.

Plaintiff alleges that AIS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by filing a proof of claim on a time-barred debt in his Chapter 13 bankruptcy case. Plaintiff asserts claims on his own behalf and on behalf of a putative class of allegedly similarly situated consumers throughout the United States. AIS now moves to transfer this case to a more appropriate venue pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court should grant AIS' motion and transfer this nationwide putative class action to the United States District Court for the Western District of Oklahoma.

## II. BACKGROUND

### A. Plaintiff's Nationwide Putative Class Action Against AIS.

Plaintiff brings this nationwide putative class action against AIS. He alleges that AIS violated the FDCPA by filing a proof of claim in his Chapter 13 bankruptcy case on a $69.96 debt owed to T Mobile/T Mobile USA Inc. that is allegedly barred by the applicable statute of limitations. Compl., ¶¶ 11-14. Plaintiff seeks relief on his own behalf, and on behalf of all members of a putative class that Plaintiff defines as follows:

> ***all consumers in the United States*** who:
>
> a. Filed for relief under chapter 13 of title 11 U.S. Code; and
>
> b. The defendant filed one or more claims, as that term is used in 11 U.S.C. § 501, in connection with debts whose collection was barred by the applicable limitations period;
>
> c. Within a period, beginning one year prior to the filing of the original complaint through the date of the certification of a class herein.

*Id.* at ¶ 20.

Plaintiff commenced this case in the United States District Court for the Southern District of Alabama. But the action appears to have only two connections to Plaintiff's chosen venue: Plaintiff is an alleged resident of Mobile County, Alabama, and his bankruptcy case is venued in

the United States Bankruptcy Court for the Southern District of Alabama. *Id.* at ¶¶ 5, 11. All other connections lie outside this District.

**B.   AIS' Operations, Including Its Proof Of Claim Filing Operation, Are All Outside Of This District.**

The attached sworn Declaration of AIS' Chief Operating Officer confirms the extent to which the sources of proof in this action, the availability of witnesses, the location of relevant documents, the costs associated with the litigation, and overall trial efficiency all weigh in favor of a transfer to the far more convenient forum of the Western District of Oklahoma. As stated in that Declaration, AIS is a diversified, global financial services company that employs more than fifty employees throughout its business locations, none of which are in Alabama. Ex. A., Sutherland Dec. ¶ 5. The company's operations are instead located in Houston, Texas; and Oklahoma City, Oklahoma. *Id.*

This nationwide putative class action turns on the lawfulness of the proofs of claim that AIS filed in bankruptcy cases throughout the country. *Id.* at ¶ 6. AIS runs its nationwide claim filing operation entirely out of its Oklahoma City location. *Id.* Accordingly, the vast majority of the many thousands, possibly millions, of documents potentially at issue and relevant witnesses are located outside Alabama. *Id.* By way of illustration:

(1)   AIS' COO, Matt Sutherland, who oversees AIS' claim filing operation, is based in Oklahoma City;

(2)   all process flows related to claim filing occur at the company's Oklahoma City location;

(3)   all witnesses who oversee the operations related to preparing the proofs of claim are located in Oklahoma City;

(4)   all training materials for AIS' personnel, and personnel records, are in Oklahoma City;

(5)   all Human Resources operations are run out of AIS' Oklahoma City location;

(6) all interactions between AIS' teams and teams for AIS' clients occur in Oklahoma City;

(7) all electronic and paper records relating to the claim filing operation are housed in Oklahoma City;

(8) AIS' Service Organization Control audits are performed in Oklahoma City; and

(9) all audit records of AIS' operations are stored in Oklahoma City.

*Id.* Further, AIS files all proofs of claim electronically from its Oklahoma City location. *Id.* at ¶ 7. This includes the proof of claim related to Plaintiff's debt, which is attached as Ex. 1 to the Complaint. *Id.* Put simply, virtually all sources of proof in this action will be found in Oklahoma, not Alabama.

The costs to Plaintiff of changing venue here are minimal. Indeed, Plaintiff is likely to reduce his litigation costs by transferring venue to the Oklahoma court that is in closer proximity to the likely witnesses and documents placed at issue by his Complaint. Meanwhile, the costs to AIS associated with keeping the case in Alabama will be substantial, including increased travel, lodging, and mailing costs, all of which can be reduced by litigating the case nearer to AIS' proof of claim filing operation in Oklahoma City.

### III. ARGUMENT

#### A. IN ACCORDANCE WITH 28 U.S.C. § 1404(a), THIS MATTER SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA.

Transfer to the United States District Court for the Western District of Oklahoma is warranted in this action. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) reflects a "desire to have federal

civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). To that end, transfer under Section 1404(a) is available upon a lesser showing of inconvenience than that required for a forum non conveniens dismissal. *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955).

### 1. This Action Could Originally Have Been Brought In The Western District of Oklahoma.

When determining whether to grant a § 1404(a) motion, courts first consider whether the action could originally have been brought in the proposed alternative venue. *CMB Foods, Inc. v. Corral of Middle Georgia*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005). 28 U.S.C. § 1391 provides that a civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. § 1391(b). For all venue purposes—

> an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]

28 U.S.C. § 1391(c).

Here, Plaintiff has filed a putative class action Complaint alleging that AIS violated the FDCPA by filing proofs of claim on time-barred debts in bankruptcy cases involving Plaintiff and "numerous" consumers throughout the United States. Compl., ¶¶ 11-15, 19-29. All aspects of AIS' claim filing operation occur in Oklahoma City, including the preparation and electronic filing of proofs of claim. Ex. A, Sutherland Dec. ¶¶ 6-7. Significantly, AIS filed the proof of

claim related to Plaintiff's debt electronically from its Oklahoma City location. *Id.* at ¶ 7; *see also* Compl., Ex. 1. Thus, the United States District Court for the Western District of Oklahoma is a proper venue for this action, in that it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). In addition, given AIS' significant contacts to the venue, AIS would be subject to personal jurisdiction in the Western District of Oklahoma. Ex. A, Sutherland Dec. ¶¶ 5-7. Accordingly, the Western District of Oklahoma is a proper venue as it is also a district where AIS resides. 28 U.S.C. § 1391(b)(1), (c)(2).

### 2. The Balance Of Justice And Convenience Strongly Supports Transfer.

If the action could have been brought in the proposed alternate venue, the court must then determine whether the action should be transferred "for the convenience of the parties [and] in the interest of justice." *CMB Foods*, 396 F. Supp. 2d at 1286. When making this determination, courts generally consider the following factors: (a) the plaintiff's initial choice of forum, (b) the relative ease of access to sources of proof, (c) the convenience of the parties; (d) the convenience of the witnesses; (e) the availability of compulsory process for witnesses, (f) where relevant documents are located, (g) the financial ability to bear the costs associated with changing venue, and (h) trial efficiency. *See id* at 1286-87. These factors strongly weigh in favor of transfer here, as further explained below.

#### a. Plaintiff's Choice Of Forum Is Entitled To Little Deference Due To The Nature Of This Case.

Plaintiff's choice of forum does not weigh heavily against AIS' position that transfer is warranted. Indeed, a "[p]laintiff's choice of forum is entitled to less deference when the action is one brought on behalf of a class of persons similarly situated[.]" *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998) ("The court is motivated to transfer this case, ***in***

***great part***, because it is filed as a nationwide class action.") (emphasis added) (citing *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs...all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.")). Here, Plaintiff purports to bring a nationwide class action. *See* Compl., ¶ 20. As such, the Court should give little deference to Plaintiff's choice of forum in this matter.

Plaintiff's choice of forum also deserves less deference because many of the operative facts did not occur in this District. "[W]hen "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration.'" *Gould*, 990 F. Supp. at 1358 (citing *Garay v. BRK Electronics*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991)). As discussed above, although Plaintiff's bankruptcy case is venued in this District, AIS prepared and electronically filed the proof of claim upon which Plaintiff's FDCPA cause of action is based electronically from its Oklahoma City location. Ex. A, Sutherland Dec. ¶ 7; *see also* Compl., Ex. 1. AIS would also have prepared the proofs of claim related to the putative class members in Oklahoma City. Ex. A, Sutherland Dec. ¶ 7. The Western District of Oklahoma is, therefore, a more appropriate venue for this action.

        **b.**    **Access To Sources Of Proof Overwhelmingly Favors Venue In Oklahoma.**

Transfer pursuant to § 1404(a) is appropriate when the largest number of witnesses and records at issue in a lawsuit may be found in the proposed transferee forum. *See, e.g., Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993) (affirming district court's transfer decisions and observing that "it was reasonable for the district courts to assume that the overwhelming majority of the witnesses whose testimony might be relevant to the trial of

[plaintiffs'] claims resided" in the district where the employer's headquarters is located); *see also Harper v. American Airlines, Inc.*, No. CV-08-S-2410-NE, 2009 WL 1605800, at *4 (N.D. Ala. May 18, 2009) (granting transfer motion in part because "documents and records related to the [relevant] events...are retained primarily at defendant's headquarters in [the proposed transferee forum]" ); *A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F. Supp. 2d 1290, 1311 (N.D. Ala. 2003) (transferring case to the District of Maryland partially because "the majority of the material principal witnesses and documents or other sources of proof...are likely to be located in the District of Maryland"); *Insuracorp, Inc. v. American Fidelity Assurance Co.*, 914 F. Supp. 504, 506 (M.D. Ala. 1996) (involving transfer to Oklahoma, where defendant is headquartered, because Oklahoma is more convenient for most employees given that "a majority of witnesses will be...Oklahoma based employees"); *see also Jones v. Walgreen, Co.*, 463 F. Supp. 2d 267, 279 (in nationwide, employment-related class action, transferring case pursuant to § 1404(a) to district in which corporate defendant's headquarters is located); *Butcher v. Gerber Prod. Co.*, No. 98 CIV. 1819(RWS), 1998 WL 437150, at *11 (S.D.N.Y. Aug. 3, 1998) (same). Oklahoma is home to the vast majority of the potential evidence in this nationwide putative class action. Ex. A, Sutherland Dec. ¶¶ 6-7. Accordingly, this factor favors transfer.

### c. Convenience Of The Parties.

Another factor to consider in ruling on a motion to transfer is the convenience of the parties. Plaintiff alleges that he is a resident of Mobile County, Alabama. Compl., ¶ 5. AIS resides in Oklahoma City for venue purposes. Ex. A, Sutherland Dec. ¶¶ 5-7; *see also* 28 U.S.C. 1391(b), (c). Focusing solely on the named parties' respective residences, transfer to the Western District of Oklahoma would seemingly be more convenient for AIS than Plaintiff. However, Plaintiff would undoubtedly have more convenient access to potential witnesses and evidence if the Court transfers this action nearer to AIS' Oklahoma City location. Moreover, Plaintiff seeks

to represent a class of allegedly similarly situated consumers throughout the United States. Compl., ¶ 20. As such, any venue—whether in this District, the Western District of Oklahoma, or some other judicial district—will prove convenient for some parties and inconvenient for others. Thus, at worst, this factor neither weighs in favor of nor against transfer.

### d. Convenience Of The Witnesses.

"The most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses." *Insuracorp, Inc*, 914 F. Supp. at 506 (citation omitted); *see also Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1091 (M.D. Ala. 1996) (same). "[T]he forum in which the majority of material principal witnesses reside is the most convenient forum." *Irwin v. Zila, Inc.*, 168 F. Supp. 2d 1294, 1296 (M.D. Ala. 2001) (citation omitted); *see also Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D. Ala. 1994) (finding that transferee district "is a more convenient forum because potential witnesses reside" there). Here, AIS' proof of claim filing operation is headquartered in Oklahoma City, AIS' COO and other personnel who oversee the operation are based there, and all interactions between AIS' teams and teams for AIS' clients occur in Oklahoma City. Ex. A, Sutherland Dec. ¶ 6. As a result, most key witnesses will be located in the Western District of Oklahoma, and the bulk of documentary evidence is located in that judicial district as well. For that reason, this factor weighs in favor of transfer.

### e. Availability Of Compulsory Process For Witnesses.

Particularly because almost all likely non-party witnesses reside outside the Southern District of Alabama and, therefore, are beyond this Court's subpoena power, this factor supports transfer. *See Harper*, 2009 WL 1605800, at *4 (transferring case in part to increase the availability of non-party witnesses who are beyond its subpoena power but within that of the transferee court); *see generally* Fed. R. Civ. P. 45 (imposing geographic limitation on the

subpoena power to compel attendance at a trial, hearing, or deposition). Indeed, none of AIS' operations are located within 100 miles of the Southern District of Alabama. Ex. A., Sutherland Dec. ¶¶ 5-6. By contrast, AIS' proof of claim filing operation is located within 100 miles of the Western District of Oklahoma court in Oklahoma City. *Id.* As such, the great majority of potential employee witnesses who work there, and other non-employee witnesses in the area, would be within that court's subpoena power.

### f. Location Of Relevant Documents.

Courts consider the location of relevant documents in ruling on a motion to transfer. As discussed above, most of the potentially relevant documents in this case are located in Oklahoma City. Ex. A, Sutherland Dec. ¶¶ 6-7. As such, this factor favors transfer. *See Irwin*, 168 F. Supp. 2d at 1296-97 (finding, en route to granting transfer motion, that even though documents are "portable," transporting 80,000 pages "undeniably poses a considerable burden upon Defendants"); *see also Ross*, 980 F.2d at 655 (upholding transfers to district where "all employment records relevant to appellants' suits" are maintained); *Harper*, 2009 WL 1605800, at *4 (granting motion to transfer to forum in which defendant's corporate headquarters is located in part because "documents and records related to the [underlying] events…are retained primarily at defendant's headquarters"); *Insuracorp*, 914 F. Supp. at 506 (transferring to forum in which defendant's headquarters is located because, *inter alia*, documentary evidence is there).

### g. Financial Ability To Bear Costs Associated With Changing Venue.

Given that Plaintiff alleges that AIS engaged in a pattern of wrongdoing throughout the United States, the bulk of the costs of witness production, and document production and review, will likely fall on AIS. For that reason, the Western District of Oklahoma is an overall more

cost-efficient venue. Even if Plaintiff is forced to bear slightly increased costs due to moving the case to Oklahoma, this factor should not defeat transfer under case law in this Circuit. Indeed, "relative bargaining power and financial positions of the parties...alone cannot defeat transfer where, as here, the other factors clearly favor transfer." *Moghaddam v. Dunkin Donuts, Inc.*, No. 02-60045-CIV-ZLOCH, 2002 WL 1940724 (S.D. Fla. Aug. 13, 2002). And, as set forth herein, analysis of almost all factors that courts consider when faced with motions to transfer under 28 U.S.C. § 1404(a) indicates that transfer is warranted in this case. *See generally Moghaddam*, 2002 WL 1940724, at *4 (transferring case in part because not doing so "would place a financial burden upon those witnesses who would have to take time off from their employment to travel and attend trial in [the current forum] as opposed to the [transferee forum]").

### h. Trial Efficiency.

The factor of "trial efficiency" also weighs in favor of transfer of this action. When assessing whether trial would be more efficient in one forum or another, courts consider the relative congestion of each forum's docket. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991) (including "difficulties that may arise from congested dockets" among the factors a court should consider in deciding a motion to transfer). According to the United States Courts website that tracks judicial caseloads, judges in this District have slightly heavier caseloads than their counterparts in the Western District of Oklahoma. *See* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-march-2014.aspx (containing Judicial Caseload Profiles for the Southern District of Alabama and the Western District of Oklahoma). For the most recently reported year of 2014, there were more total filings and more pending cases per judge in this District than in the Western District of Oklahoma. As a result, this factor favors transfer.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant AIS' motion and transfer this case to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

                                           Respectfully Submitted,

                                           /s/ Neal D. Moore, III
                                           Neal D. Moore, III
                                           Steven A. Kahn
                                           *Attorneys for Defendant,*
                                           *AIS Recovery Solutions, LLC d/b/a*
                                           *American Infosource, LP*

OF COUNSEL:
FERGUSON, FROST, MOORE & YOUNG, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242

## CERTIFICATE OF SERVICE

This is to certify that on this the 25th day of August, 2014 a copy of the foregoing document has been served upon the following counsel via electronic filing:

Earl P. Underwood, Jr.
Underwood & Riemer, PC
21 S. Section Street
Fairhope, Alabama 36532

                                           /s/ Neal D. Moore, III
                                           OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUBERT DAVIS, JR., individually and on
behalf of a class of others similarly situated,

        Plaintiff,

vs.

AIS RECOVERY SOLUTIONS, LLC d/b/a
AMERICAN INFOSOURCE LP,

        Defendant.

CASE NO.: 14-00325

## DECLARATION OF MATT SUTHERLAND

I, Matt Sutherland, being duly sworn, hereby declare as follows:

1.      I am the Chief Operating Officer of American InfoSource LP, and I am authorized to submit this declaration on its behalf.

2.      I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief, and, as to such matters, I am informed and believe that they are true and correct.

3.      I have reviewed and am familiar with the allegations in the Complaint of Plaintiff Rubert Davis, Jr. ("Plaintiff").

4.      Plaintiff has sued an entity that he refers to as "AIS Recovery Solutions, LLC d/b/a American InfoSource LP." American InfoSource LP ("AIS") is not a d/b/a of AIS Recovery Solutions, LLC ("AIS Recovery"). The two companies are entirely separate entities. AIS Recovery is a Texas Limited Liability Company that has nothing to do with AIS'

2530949v2



bankruptcy proof claim filing operation described herein. As such, AIS Recovery has no connection to this action or to the events and circumstances alleged in Plaintiff's Complaint. AIS will assume for purposes of its response and motion for transfer of venue that Plaintiff intended to name AIS as the defendant in this action.

5. AIS is a diversified, global financial services company that employs more than 50 employees throughout its business locations, none of which are in Alabama. The company's operations are instead located in Houston, Texas; Oklahoma City, Oklahoma.

6. This nationwide putative class action turns on the lawfulness of the proofs of claims that AIS filed in bankruptcy cases throughout the country. AIS runs its nationwide claim filing operation entirely out of its Oklahoma City location. Accordingly, the vast majority of the many thousands, possibly millions, of documents potentially at issue and relevant witnesses are located outside Alabama. By way of illustration:

    (a) AIS' COO, Matt Sutherland, who oversees AIS' claim filing operation, is based in Oklahoma City;

    (b) all process flows related to claim filing occur at the company's Oklahoma City location;

    (c) all witnesses who oversee the operations related to preparing the proofs of claim are located in Oklahoma City;

    (d) all training materials for AIS' personnel, and personnel records, are in Oklahoma City;

    (e) all Human Resources operations are run out of AIS' Oklahoma City location;

    (f) all interactions between AIS' teams and teams for AIS' clients occur in Oklahoma City;

    (g) all electronic and paper records relating to the claim filing operation are housed in Oklahoma City;

    (h) AIS' Service Organization Control audits are performed in Oklahoma City; and

      (i)     all audit records of AIS' operations are stored in Oklahoma City.

7.    AIS files all proofs of claim electronically from its Oklahoma City location. This includes the proof of claim related to Plaintiff's debt, which is attached as Ex. 1 to the Complaint.

I have reviewed the foregoing and declare under penalty of perjury that it is true and correct.

Executed the 22 day of August, 2014, at Oklahoma City, OK.

*[signature]*

Matt Sutherland
Chief Operating Officer
AIS Recovery Solutions, LLC
d/b/a American InfoSource LP

3